IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REONA WISE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) Hon. Judge: |
| Lessie Bates Davis Neighborhood House | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**Introduction**

1. The plaintiff sues Lessie Bates Davis Neighborhood House for sexual discrimination, racial discrimination, color and age discrimination under Title VII, violation of Section 42 US Code Section 1981 Equal rights under the law, U.S. Const. amend. XIV, Section 2 and under the Illinois Gender Violence Act, 740 ILCS 82/5.

**Exhausting Administrative Proceedings**

2. The plaintiff has satisfied all conditions precedent to the filing of her lawsuit. The EEOC issued plaintiff right to sue on July 29, 2021 attached. (Exhibit 1).

**Jurisdiction and Venue**

3. This Court has jurisdiction under Section 706(f)(3) of Title VII of the Civil Rights Act 1964, as amended 42 U.S.C. Section2000e-5(f)(3), under Section 1331 and 1343 of the Judicial Code 28 U.S.C. Section 1313 and 1343 and has supplemental jurisdiction under Section 1367 of the Judicial Code 28 U.S.C. Section 1367.

4. Acts and omissions occurred in the Southern District of Illinois, venue is proper by Section 1391 (b) of the Judicial Code [28 U.S.C. section 1391 (b)].

**Facts**

5. Plaintiff, an African American married female, over the age or forty, began employment with the Defendant on or about May 1, 2016.

6. Plaintiffs' was hired as a Program coordinator and rose to Vice President of Early Childhood Programs while performing her job competently at all times.

7. In or about April of 2017 Plaintiff was ostracized for reporting unfair treatment of the Company Chief Financial Officer Rita Brown to senior management.

8. The Chief Executive Officer Gary Gaston, thereafter began retaliating against Plaintiff on a consistent and on going basis.

9. The CEO told Plaintiff that if she were to get pregnant again Plaintiff would be terminated.

10. On or about October 17, 2017 Plaintiff was placed on administrative leave and placed in a Performance Improvement Plan (PIP) which monitors and micro manages employees that have problems performing the associated job despite the fact that Plaintiffs performance was above average.

11. Plaintiff was treated differently than male, non-African American employees who acted similarly and ultimately Plaintiff was ultimately terminated on or about August 17, 2018.

12. Plaintiff experienced stress, pain and suffering as a result of the increased scrutiny she was subject to in the PIP.

13. The Plaintiff experienced embarrassment in the PIP.

14. The Plaintiff was perceived as less than competent by those she supervised while in the PIP.

15. The Plaintiff was prohibited from seeking promotions while in the PIP.

16. The Plaintiff complained to the CEO and human resources departments about the discrimination she suffered as a result of being female, African American, and in retaliation of reporting illegal actions of her superiors.

17. The Plaintiff was placed under administrative leave without pay as a result of her sex, race, age and in retaliation for reporting illegal behavior of her superiors.

18. The Plaintiff reported former employee Christopher Colemans inappropriate financial allocation of government funds.

19 The Plaintiff was disciplined and retaliated against as a result of her disclosing inappropriate financial practices of management.

20. Mr. Coleman was sentenced to an 18 months prison term for embezzling more than a quarter of million dollars from the agency and is required to pay nearly $270,655.00 in restitution and serve two years of supervised release as a result of his theft.

21. The Plaintiff was required to be compensated from several grants that she in some instances authored.

22. The Plaintiffs' allocated salary was stipulated in the grants that were awarded.

23. As a direct result of Plaintiffs race, sex, age, and color Plaintiff was not compensated according to the descriptions of the grants.

24. Male, non-Black, lighter hued employees under the age of 40 were treated as the law prescribes. Unlike the treatment the Plaintiff received.

25. The Plaintiff suffered financial injuries as a result of the actions of the Defendant.

26. The Plaintiff suffered garden variety emotional distress as a result of the actions of the Defendant.

27. The Plaintiff through out employment and through termination suffered pain as a result of the actions of the Defendant.

28. The Plaintiff through out employment and through termination on suffered as a result of the actions of the Defendant.

29. At all times when the Plaintiff was employed by the Defendant Lessie Bates Davis Neighborhood House Plaintiff was an "employee" within the definition of Section 701 (f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. Section 2000e(f)].

30. At all times when the Plaintiff was employed by the Defendant Lessie Bates Davis Neighborhood House Plaintiff was in the protected group sought to enjoy rights, privileges and protections under Section 42 US Code Section 1981 Equal Protection.

31. At all times when the Plaintiff was employed by the Defendant Lessie Bates Davis Neighborhood House Plaintiff was in the protected group sought to enjoy rights, privileges and protections under the Equal Protection U.S. Const. amend. XIV, Section 2.

**Count I Retaliation**

32. Plaintiff incorporates paragraphs 1-31 as fully inserted herein.

33. Lessie Bates Davis Neighborhood House through its actions and/or omissions discriminated against the Plaintiff based upon her participation and in a protected activity and opposition to discrimination.

34. Defendants actions were adverse and severe against Plaintiff.

**Damages**

35. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

36. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

37. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex, age, race, color and retaliation;
II. Court enjoin Defendant from continuing to discriminate employees because of sex, age, race, color and retaliation;
III. Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, age, race, color and retaliation;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendants discriminating against her because of her sex, race, age, color and retaliation including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count II Sexual Discrimination**

38.     Plaintiff incorporates paragraphs 1-37 as if fully asserted herein.

39.     Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her sex and condition of her employment.

**Damages**

40.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

41.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

42.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

II. Court enjoin Defendant from continuing to discriminate employees because of sex;

III. Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII. Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count III Termination**

43. The Plaintiff incorporates paragraphs 1-42 by reference as if fully stated herein.

44. Defendant through its agents and by the actions and/or omission terminated the Plaintiff on or about August 17, 2018 based upon her sex, race, age and in retaliation to her protesting Defendants illegal practices relating to the terms and conditions of her employment and in violation of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**Damages**

45. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

46. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

47. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age and race;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and race;

III. Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count III Color Discrimination**

48. Plaintiff states and re-states paragraphs 1-47 as if fully inserted here.

49. The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color and condition of her employment.

**Damages**

50. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

51. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

52. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.** Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

**II.** Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and retaliation;

**III.** Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**VI.** Order Defendant to pay punitive damages;

**VII.** Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.** Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**Count IV Race Discrimination**

53. Plaintiff states and re-states paragraphs 1-52 as if fully inserted here.

54. The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color and condition of her employment.

**Damages**

55. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

56. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

57. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and retaliation;

III. Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII. Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

**COUNT V Section 1981 claims against all defendants**

58. The Plaintiff incorporates by reference the averments in 1-57 as if fully asserted herein.

59. Defendant through its agents and by the actions and/or omission discriminated against Plaintiff based upon her race, color, and sex in the terms and conditions of her employment, violating Title VII of the Civil Rights Act of 1964 and or for participating in a complaint against Defendant.

60. Defendant employees racially harassed Plaintiff.

61. Defendant created a racially hostile environment that Plaintiff was subject to suffer from.

62.     Defendants retaliated against Plaintiff after Plaintiff contacted personnel regarding harassment and improper non-profit actions of Defendant employees.

63.     Defendants ultimately terminated Plaintiff after she complained about the harassment suffered.

**Damages**

64.     As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

65.     Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

66.     To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex, race, color and age;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, age, color and race;

III. Defendant reinstate Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

**IV.** Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, race, age and color;

**V.** Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her sex, age, race, and color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

**Count VI  Violation of the 14th Amendment**

67. Plaintiff states and re-states paragraphs 1-66 as if fully inserted here.

68. The Defendant through its agent and by its action and/or omissions discriminated against the Plaintiff based upon her color, sex, age and race and condition of her employment.

**Damages**

69. As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

70. Defendant discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

71. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant and other employers and to punish the Defendant for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant to post appreciate notices regarding their legal duties to refrain from discriminating against employees based upon sex, color, age, race and retaliation;

II. Court enjoin Defendant from continuing to discriminate employees because of sex, color, age, and retaliation;

III. Defendant reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex, color, age, and retaliation;

V. Order the Defendant to compensate the Plaintiff for damages which she suffered resulting from the Defendant discriminating against her because of her color, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant to pay punitive damages;

VII. Order the Defendant to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII. Order the Defendant to pay or provide other relief as this Court deems just and appropriate.

Respectfully submitted,

FIELDS AND ASSOCIATES, LLC

By  /s/  Larry Fields
Larry S. Fields 58044
707 North Second Street
Suite 400
St. Louis, MO 63102
314-241-3535 Telephone
314-241-3536 Facsimile
LSF19@msn.com