IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REONA WISE,**<br><br>            **Plaintiff,**<br><br>v.<br><br>**LESSIE BATES DAVIS NEIGHBORHOOD HOUSE, INC.,**<br><br>            **Defendant.** | **Case No. 3:21-cv-01265-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are two Motions filed by Defendants for Partial Dismissal and for Partial Summary Judgment (Docs. 25, 26). For the reasons set forth below, the Court *sua sponte*[1] dismisses the First Amended Complaint in its entirety, but grants leave to amend.

### FACTUAL & PROCEDURAL BACKGROUND

On October 15, 2021, plaintiff Reona Wise ("Wise") filed suit against her former employer, defendant Lessie Bates Davis Neighborhood House, Inc. ("LBD") (Doc. 1). On October 25, 2021, Wise sought and was granted leave to file an Amended Complaint (Docs. 12-13). In the introduction of the First Amended Complaint, Wise advised she was suing LBD for "sexual discrimination, racial discrimination, color and age discrimination under Title VII, violation of Section 42 US Code Section 1981 Equal rights under the law, U.S. Const. Amend XIV, Section 2, and under the Illinois

---

[1] The Court has the inherent authority to require repleading if necessary for clarity and effective case management.

Gender Violence Act, 740 ILCS 85/2, Illinois wrongful Termination Laws and violation of public policy" (Doc. 14). Specifically, Wise asserted the following six (6) counts: (I) Retaliation; (II) Sexual Discrimination; (III) Termination; (III) Color Discrimination; (IV) Race Discrimination; (V) Section 1981 claims against all defendants; and, (VI) Violation of the 14th Amendment (*Id.*) [2].

On November 18, 2021, LBD filed its Answer and Affirmative Defenses to the First Amended Complaint (Doc. 24). On that same date, LBD also filed its Motion for Partial Dismissal as well as its Motion for Partial Judgment on the Pleadings (Docs. 25, 26). On January 13, 2022, Wise filed Responses to both motions, and on January 21, 2022 and January 24, 2022, LBD filed its Replies (Docs. 32 & 33).

When reviewing the respective motions; however, the Court noted deficiencies in the First Amended Complaint. While these issues are not fatal, this Court wishes to address at the first available opportunity.

## LAW

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative

---

[2] Although numbering 6 counts, the Amended Complaint actually contains seven counts. On Page 7 of the First Amended Complaint, plaintiff sets forth Count III Termination, which is followed by paragraph 43. On Page 9 of the First Amended Complaint, plaintiff sets forth another Count III, this time for Color Discrimination, which is followed by paragraph 48.

level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Although the complaint need not contain "detailed factual allegations," "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.,* 634 F.3d 901, 903 (7th Cir.2011) (quoting *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir.2009)). As eloquently stated, Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp,* 328 F.3d 374, 378 (7th Cir. 2003).

Federal Rule of Civil Procedure 10(b) requires a party to state its claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). The primary purpose of these rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797. So, a complaint is subject to dismissal under these rules if it is unduly long *or* if it is unintelligible. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (*emphasis added*).

It is true that a complaint need not prove counts nor legal theories. *Jajeh v. Cnty. of Cook,* 678 F.3d 560, 567 (7th Cir. 2012) (hostile work environment claim pleaded where complaint never used that term); *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011). Nevertheless, there are still shortcomings that this Court cannot ignore.

## ANALYSIS

Plaintiff's First Amended Complaint consists of 71 paragraphs that are broken down into the following sub-headings: Introduction (¶ 1); Exhausting Administrative Proceedings (¶ 2); Jurisdiction and Venue (¶¶ 3,4); Facts (¶¶ 5-31); Count I Retaliation and Damages (¶¶ 1-37); Count II Sexual Discrimination and Damages (¶¶ 1-42); Count III* Termination and Damages (¶¶ 1-47); Count III* Color Discrimination and Damages (¶¶ 1-52); Count IV Race Discrimination and Damages (¶¶ 1-57); Count V Section 1981 claims against all defendants and Damages (¶¶ 1-66); and, Count VI Violation of the 14th Amendment and Damages (¶¶ 1-71)(Document 14). Plaintiff incorporates all preceding paragraphs with the assertion of each subsequent count.

The Introduction of the First Amended Complaint states the following,:

"1.    The plaintiff sues Lessie Bates Neighborhood House for sexual discrimination, racial discrimination, color and age discrimination under Title VII, violation of Section 42 US Code Section 1981 Equal Rights under the law, U.S. Const. amend. XIV, Section 2 and under the Illinois Gender Violence Act, 740 ILCS 85/2. Illinois wrongful Termination Laws and violation of public policy." (Doc. 14, p. 1).

Although Counts V and VI indicate they are being brought pursuant to Section 1981 and the 14th Amendment, respectively, Counts I through IV do not specify the basis the claims. For example, Count I is entitled "Retaliation", but Wise does not designate whether it is brought pursuant to Title VII, 42 U.S.C. § 1981, the 14th Amendment, 740 ILCS 85/2, Illinois Wrongful Termination Laws, a violation of public policy, or any combination thereof. While a plaintiff can plead in the alternative, defendant needs some direction

and guidance. Additionally, as hereinbefore mentioned, there are two Count III's in the First Amended Complaint, Termination and Color Discrimination.

## CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is DISMISSED in its entirety; however, plaintiff s is **GRANTED** 30 days, or until May 2, 2022, to file a Second Amended Complaint that comports with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:  April 1, 2022**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**