## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REONA WISE,**

                 **Plaintiff,**

**v.**

**LESSIE BATES DAVIS
NEIGHBORHOOD HOUSE, INC.,**

                 **Defendant.**

**Case No. 3:21-cv-01265-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On June 6, 2022, plaintiff Reona Wise ("Wise") filed her second amended complaint (Doc. 44). Pending before the Court are two motions filed by defendant Lessie Bates Davis Neighborhood House, Inc. ("LBD") regarding said complaint (Docs. 50, 52). The first is a motion for partial dismissal for failure to state a claim and the second is a motion for partial judgment on the pleadings (*Id.*). For judicial economy, the motions are addressed jointly, and for the reasons set forth below, the Court grants in part and denies in part both the motion for partial judgment on the pleadings and the motion for partial dismissal.

## FACTUAL BACKGROUND

The following facts alleged by Wise are accepted as true for purposes of LBD's motions[1]. FED. R. CIV. P. 10(c); *Arnett v. Webster,* 658 F.3d 742, 751-52 (7th Cir. 2011).

---

[1] The factual information was taken directly from the second amended complaint (Doc.44) and will be cited accordingly.

The Court has set forth the allegations in chronological order.

Wise began employment at LBD in May 2016 as Program Coordinator (¶6). Wise is an African American female with a medium to dark complexion (¶5). She is married and over the age of forty (40) (*Id.*). Wise performed her job competently, meeting and exceeding LBD's legitimate business expectations, even being promoted to Vice President of Early Childhood Programs in September 2016 (¶7).

In April of 2017, Wise complained to Christopher Coleman, CEO of LBD, about unfair treatment and discrimination of Rita Brown, CFO, another African American female over the age of forty (40) (¶8). Shortly thereafter, Coleman began subjecting Wise to increased work scrutiny (*Id.*). Until her termination in 2018, Coleman harassed, criticized, and humiliated Wise (¶9). Coleman also threatened Wise in 2017, telling her that she would be fired if she became pregnant (¶10).

In approximately August of 2017, Wise reported to the Board of Directors, Human Resources, and Mr. Gaston, that Coleman was inappropriately allocating government funds[2] (¶11). From this time until her termination, Wise complained to the CEO and HR that she felt discriminated against as an African American female; Wise also felt that she was being retaliated against for reporting illegal actions of her superiors (¶21). Wise was paid less than similarly situated male employees (¶20). Wise also claims she was stripped of programs that resulted in a pay reduction in

---

[2] On June 4, 2019, Christopher Coleman was indicted by the grand jury with one count of Embezzlement from the Lessie Bates Neighborhood House, an Organization that Received Federal Funds in violation of 18 U.S.C. §666(a)(1)(A). See *USA v. Coleman,* 3:19-cr-30080-SMY (S.D. IL). On August 15, 2019, Coleman entered a guilty plea and was ultimately sentenced to 18 months incarceration to be followed by two (2) years of supervised release.

September 2018; however, because she was terminated in August of 2018, the year is most likely incorrect (¶19).

In October of 2017, Wise was placed upon administrative leave, purportedly due to reporting the wrongful treatment of Ms. Brown and the inappropriate financial practices of Coleman (¶14). On or about December 18, 2017, Wise was placed on a performance improvement plan ("PIP") (¶16). While under the PIP, Wise was prevented from applying for the newly opened CEO position, even though she had experience running non-profit organizations (¶17). Wise was also disciplined on December 21, 2017 for being three minutes late to work, even though she was a salaried employee (¶18).

As for general allegations, Wise claims she was humiliated in front of coworkers and students' parents on several occasions due to her race, sex, and color (¶23). Additionally, even though she was required to be compensated from several grants and her allocated salary was stipulated in the awarded grants, she was not compensated accordingly, which she also claims was due to her race, sex, age, and color (¶¶24-26).

On December 22, 2017, Wise filed her first complaint of discrimination with the EEOC, Charge Number 440-2018-01971, alleging discrimination on the basis of sex, along with retaliation[3] (Doc. 51-2). On December 27, 2017, the EEOC issued Wise her "right to sue" letter; however, she did not initiate a lawsuit within the requisite 90-day time period.

---

[3] Although Wise did not attach the EEOC charge of discrimination to her second amended complaint, she referred to it, and it was attached to the answer filed by LBD.

Wise was terminated on August 17, 2018. On July 26, 2019, 343 days later, Wise filed another charge of discrimination with the EEOC, charge number 560-2019-02257, this time alleging discrimination on the basis of race, color, and sex, along with retaliation (Doc. 51-1). On July 29, 2021, the EEOC issued Wise her "right to sue" letter (Doc. 1-1).

## PROCEDURAL HISTORY

On October 15, 2021, Wise timely filed her initial complaint[4] (Doc. 1). On October 25, 2021, prior to the entry of LBD, Wise filed an amended complaint (Doc. 14). On November 18, 2021, LBD filed two motions in response to the amended complaint, a partial motion to dismiss and a partial motion for judgment on the pleading (Docs. 25, 26). On April 4, 2022, in lieu of ruling on the pending motions, this Court *sua sponte* dismissed the amended complaint for procedural deficiencies and granted Wise leave to file a second amended complaint (Doc. 41).

On June 4, 2022, Wise filed her second amended complaint (Doc. 44). In addition to setting forth the nature of action, Wise articulated the following eight counts: (I) Race-Based Discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; (II) Color-Based Discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; (III) Sex-Based Discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; (IV) Sex-Based Discrimination pursuant to Equal Pay Act, 29 U.S.C. § 206; (V) Age Discrimination pursuant to Age Discrimination in Employment Act of

---

[4] According to the Notice of Suit Rights dated July 29, 2021, "Your lawsuit **must be filed <u>WITHIN 90 days</u> of your receipt of this notice**; or your right to sue based on this charge will be lost".

1967, 29 U.S.C. §§ 621-634; (VI) Race-Based Discrimination pursuant to 42 U.S.C. § 1981; (VII) Unlawful Retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; and, (VIII) Unlawful Retaliation pursuant to 42 U.S.C. § 1981 (*Id*.). Although not set forth in any counts, Wise also indicates that this action is brought pursuant to 42 U.S.C. § 1983 (*Id*.).

On June 20, 2022, LBD filed the two motions at issue: a partial motion to dismiss and partial motion for judgment on the pleadings (Docs. 50, 52). In the motion for partial dismissal, LBD argues against any claims under 42 U.S.C. § 1983 as LBD is not a "state actor" nor are there any allegations that LBD acted "under color of state law"[5] (Doc. 50). LBD also argues against Counts VI - Race Discrimination under 42 U.S.C. § 1981 and VIII - Retaliation under 42 U.S.C. § 1981, claiming Wise failed to state a valid cause of action (*Id*.).

With respect to the motion for partial judgment on the pleadings, LBD argues that Wise's claims for discrimination in violation of Title VII, *to wit*: Counts I, II, III, and VII, as well as Count V, ADEA discrimination, were untimely as the EEOC charge was filed more than 300 dates after her termination (Doc. 52). LBD also argues that several counts of the second amended complaint raised claims that were not first raised in the EEOC charge (*Id*.).

---

[5] Of note, Wise did not specifically reference 42 U.S.C. § 1983 in any of the enumerated counts; however, when stating the nature of action, she included that the action was brought pursuant to 42 U.S.C. § 1983, among other statutory citations.

## LEGAL STANDARD

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "Plausibility is not a synonym for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting*

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir. 2009). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *See* Fed.R.Civ.P. 12(c). The review of Rule 12(c) motions is the same standard as a motion to dismiss under Rule 12(b). *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3rd 449, 452 (7th Cir. 1998). As with Rule 12(b) motions, a court will grant a Rule 12(c) motion only if the plaintiff cannot, beyond a doubt, prove any facts that would support his claim for relief. *Craigs, Inc v. General Elec. Capital Corp.,* 12 F.3rd 686, 688 (7th Cir. 1993) (quoting *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir. 1989)). Therefore, to succeed the moving party must show that, when reviewed in the light most favorable to the nonmoving party, there are no material issues of fact to be resolved. *GATX Leasing Corp. v. National Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir. 1995). However, the Court must not ignore facts in the complaint that would undermine the plaintiff's claim or consider any unsupported conclusions of law. *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989).

# ANALYSIS

## I.  Motion to Dismiss

### A. 42 U.S.C. §1981 (Counts VI and VIII)

#### 1.  Law

Section 1981 provides a federal remedy against racial discrimination in private employment. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 789 (7th Cir. 2019). To state a claim of discrimination under Section 1981, a plaintiff must first allege, *inter alia,* that [s]he is a member of a racial minority. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751 (7th Cir.2006) (citing *Morris v. Office Max, Inc.,* 89 F.3d 411 (7th Cir.1996)).

In general, a plaintiff states a claim of discrimination under § 1981 (or Title VII) by asserting that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated, non-protected class member. *See Farrell v. Butler Univ.*, 421 F.3d 609, 613 (7th Cir. 2005). Notwithstanding the foregoing, a plaintiff alleging race discrimination need not allege each evidentiary element of a legal theory to survive a motion to dismiss. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 510–14 (2002); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Indeed, simply stating, 'I was turned down for a job (or terminated or some other adverse action) because of my race' is all a complaint has to say." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). Failure

to plead an evidentiary element is not fatal at this stage. *Freeman v. Metropolitan Water Reclamation District of Greater Chicago,* 927 F.3d 961, 965 (7th Cir. 2019).

### 2. Discussion

Wise is an African American female who has asserted race-based discrimination and unlawful retaliation in violation of 42 U.S.C. § 1981 via counts VI and VII of the second amended complaint (Doc. 44). As an African American, Wise is obviously a member of a protected class. As for the remaining elements, Wise has articulated that she was performing her job competently and was meeting and exceeding expectations (¶ 7). She also set forth numerous claims of alleged discrimination that occurred at work that resulted in her being humiliated, disciplined, under-compensated, and ultimately, terminated. Furthermore, Wise referred to similarly situated males that did not suffer the same adverse employment action, albeit in different counts[6].

Construing the complaint in favor of Wise, the Court finds that she has pleaded sufficient facts to sustain plausible claims under Section 1981. Moreover, she has provided fair notice to LBD of these claims. Accordingly, LBD's motion to dismiss is denied as to Counts VI and Count VIII.

### B. 42 U.S.C. §1983

### 1. Law

A plaintiff must allege two elements to state a § 1983 claim: (1) the conduct complained of was committed by a person acting under color of state law; and, (2) the

---

[6] Each count began with a paragraph re-alleging and incorporating the preceding paragraphs by reference.

activity deprived a person of rights, privileges, and/or immunities secured by the Constitution of laws of the United States. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Additionally, § 1983 is the exclusive remedy for violations of § 1981 committed by state actors. *Campbell v. Forest Preserve Dist. Of Cook County, IL,* 752 F.3d 665, 971 (7th Cir. 2014).

### 2. Discussion

Wise indicated in her "Nature of Action" that this action was brought, in part, pursuant to 42 U.S.C. § 1983, but she did not specify that statute in any of the counts asserted (Doc. 44). In its motion for partial dismissal, LBD argues that Wise failed to state a claim under 42 U.S.C. § 1983 as she failed to name LBD as a "state actor" that acted "under color of state law (Doc. 50). Nevertheless, this issue is conceded as Wise admits any references to § 1983 in the second amended complaint were inadvertent and voluntarily (Doc. 63).

## II.   Motion for Partial Judgment on the Pleadings

### A. Title VII Discrimination (Counts I, II, III, and VII)

### 1. Law

Before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge. *Chaudry v. Nucor Steel-Indiana,* 546 F.3d 832 (7th Cir. 2008). Title 42 U.S.C. § 2000e–5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47 (1974). Indeed, the statute expressly provides that an individual must file a charge within the statutory time

period:

> "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred … except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency … such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred … ".[7] 42 U.S.C. § 2000e-5(e)(1).

Notwithstanding the foregoing time limitation, the Supreme Court has held the contrary – the filing period is not a jurisdictional prerequisite to filing a Title VII suit. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Rather, it is more like a statute of limitations subject to waiver, estoppel, and equitable tolling "when equity so requires." *Morgan,* 536 U.S. at 121. Although the Supreme Court allowed for exceptions, they concluded that (1) a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period of 180 or 300 days; and (2) a Title VII plaintiff alleging a hostile work environment will not be time barred so long as the claims are all part of the same unlawful practice and at least one act falls within the time limitation [180 or 300 days]. *Id.,* at 122.

The *Morgan* Court also defined "discrete acts" as acts that are easy to identify, including "termination, failure to promote, denial or transfer, or refusal to hire". *Morgan*, 536 U.S. at 114; *see also Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550

---

[7] Because Illinois has an entity with the authority to grant or seek relief with respect to the alleged unauthorized practice, an employee who initially files a grievance with that Agency must file the charge with the EEOC within 300 days. See, *e.g., Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1121 n. 4 (7th Cir.2009) ("In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely.")

U.S. 618 (2007) (confirming the discrete acts definition in *Morgan*.). As such, Wise's termination on August 17, 2018 was a discrete act.

### 2. Discussion

Wise filed her charge with the EEOC on July 26, 2019, which was 343 days after her termination, clearly outside the 300-day time period to file her charge with the EEOC. However, the examination of the timeliness issue does not stop at this point. *See National R.R. Passenger Corp.*, 536 U.S. at 121. Wise articulates several grounds to excuse her filing outside the 300-day time period, but all of her arguments fall short.

### a. Waiver

Wise first argues that LBD waived the statute of limitations argument by not raising it before the EEOC (Doc. 62). LBD counters that it did raise the untimeliness of Wise's charge before the EEOC and further argues that it raised the jurisdictional time limitation in its first responsive pleading via motion (Doc. 65). This Court considers the facts of the case before it, not what may or may not have taken place in an underlying administrative proceeding. As such, this Court finds no merit in this argument.

### b. Continuing Violation

Wise next asserts that LBD's actions, including those raised in her 2017 EEOC claim, constitute a continuing violation and raises arguments for why this action should not be precluded or time-barred (Doc. 62). The doctrine of continuing violation allows you to delay suing until a series of acts by a prospective defendant

blossoms into a wrongful injury on which a suit can be based. *Limestone Development Corp. v. Village of Lemont,* 520 F.3d 797, 801 (7th Cir.2008)

While the continuing violation doctrine can alter the time period for filing, the time period is not indefinite. Indeed, there are limitations. *See **Morgan,*** 536 U.S. at 122 (2002). Wise, herself, cites to cases that hold that at least one act of discrimination must occur within the limitations period. *See Hall v. Bodine Elec. Co.,* 276 F.3d 345, 353 (7th Cir. 2002); *Shanoff v. Illinois Dept. of Human Services*, 258 F.3d 696, 701 (7th Cir. 2001); *Stewart v. CPC Int'l, Inc.,* 679 F.3d 117, 120-21 (7th Cir. 1982); *Jones v. Merch's Nat'l Bank Trust Co. of Indianapolis,* 42 F.3d 1054, 1058 (7th Cir. 1994).

In this case, the latest date raised in the complaint was Wise's date of termination, August 17, 2018. *See Hentosh v. Herman M. Finch University of Health Sciences/The Chicago Medical School*, 167 F.3d 1170 (7th Cir. 1999) (concluded that alleged discriminatory conduct ceased on the date of resignation). While the alleged conduct may have been ongoing, Wise was no longer subject to it *after* the date of her separation from LBD. Accordingly, the 300-day period within which she could file her charge commenced on that day.

Additionally, in light of the 2017 EEOC charge, Wise cannot now claim to have no knowledge of the alleged discriminatory conduct of LBD until 43 days after her termination. Indeed, she claimed retaliation and sexual harassment as far back as December 22, 2017, mentioning incidents beginning in April 2017 in that first claim.

c. Relation Back/Reasonably Related

Wise's final argument is confounding and appears to assert that the charges raised in the 2017 are reasonably related to those in 2019 and should also be subject to this suit; however, any such argument does not address the 300-day limitation period. In other words, the final date is always August 17, 2018, whether the claims were previously raised before the EEOC or not. Furthermore, Wise had 90 days from the issuance of the right to sue on December 27, 2017, or until March 27, 2018, to file a suit on those allegations.

Accordingly, this Court holds that Wise's claims under Title VII, which include Counts I, II, III, and VII, are all untimely, as the EEOC claim was filed beyond the 300-day time limitation for the last set forth in 42 U.S.C. § 2000e-5(e)(1). Additionally, the Title VII counts are not subject to an exception as none of the alleged incidents occurred within the limitation period that ended with her termination on August 18, 2017. Therefore, judgment on those counts is appropriate.

**B. Equal Pay Act (Count IV)**

**1. Law**

"The Equal Pay Act ("EPA") prohibits employers from discriminating between its employees by paying an employee lower wages than the employer pays an employee of the opposite sex." *Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1008 (7th Cir. 2018) (citing 29 U.S.C. § 206(d)(1)). Claims under the EPA must be brought within two years, unless it can be shown that Defendant has acted

willfully, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a).

### 2. Discussion

LBD argues that Wise's EPA claim is barred by the applicable statute of limitations (Doc. 52). Wise was terminated on August 17, 2018 (Doc. 1). She filed her initial complaint on October 15, 2021, which was more than 3 years after the date of termination (Doc. 1). Wise does not make any argument that her EPA claim was timely. Accordingly, there is no question of fact that Count IV is time-barred and that judgment shall enter.

### C. ADEA (Count V)

### 1. Law

The Age Discrimination in Employment Act ("ADEA") makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge. *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the EEOC.")

The purpose of ADEA, like Title VII of the Civil Rights Act of 1964, is to reduce discrimination in the workplace. *Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1002 (7th Cir. 1988). In Illinois, similar to claims brought under Title VII, an employee

may sue under the ADEA only if he files a charge of discrimination with the EEOC within 300 days of the alleged "unlawful employment practice." *See Hamilton v. Komatsu Dresser Indus.,* 964 F.2d 600, 603 (7th Cir.1992) 29 U.S.C. § 621, *et seq.*

### 2. Discussion

In her second amended complaint, Wise indicates that she is over the age of forty (40) and claims that "[s]imilarly situated females under the age of 40 did not suffer the same adverse employment action … and were treated more favorably" (Doc. 44, ¶¶ 5, 54). As indicated *infra,* Wise claims to have suffered from numerous adverse employment actions, which ultimately ended in her termination on August 17, 2018.

There are two main questions that need to be answered. First, did Wise file her complaint within 300 days of the alleged unlawful employment practice; and second, did Wise file an age discrimination claim with the EEOC?

### a. Timeliness

It is clear that Wise filed her second EEOC claim on July 26, 2019, which was 343 days after her August 17, 2018 termination. The termination was a discrete act and is considered the "final" date for any alleged discriminatory conduct; therefore, any ADEA claim is untimely.

### b. Relation Back

Assuming arguendo that the ADEA claim was timely, Wise still cannot sustain her cause of action. Wise argues that she raised age discrimination before the EEOC; however, the age box was not checked in either the 2017 charge of discrimination, 440-2018-01971, or the 2019 charge of discrimination, 560-2019-02257.  Furthermore,

Wise did not even mention her age in the narrative of either document. Because Wise did not specifically articulate her age, she argues that her age complaints were "reasonably related" to the allegations in the charges to the EEOC, but again, Wise falls short.

Generally, a plaintiff may not bring claims in a court action that were not included in the charge that she filed with the EEOC. *Kersting v. Wal-Mart, Inc.,* 250 F.3d 1109, 1118 (7th Cir. 2001). This rule provides "an opportunity for the EEOC to settle the dispute between the employee and employer, and put[s] the employer on notice of the charges against it." *Harper v. Godfrey Co.,* 45 F.3d 143, 147-48 (7th Cir.1995). A plaintiff can only pursue a claim that is not specifically included in an EEOC charge if the "allegations fall within the scope of the charges contained in the EEOC complaint." *Kersting,* 250 F.3d at 1118. A claim falls within the scope of the EEOC charge if the claim is "like or reasonably related to" the claim included in the EEOC charge. *Harper,* 45 F.3d at 147 (indicating a claim is sufficiently related if the new claim "reasonably can be expected to grow out of an EEOC investigation of the charges"). In making such a determination, the plaintiff is required "at minimum" to show that the new claim and the EEOC charge "describe the same conduct and implicate the same individuals." *Kersting,* 250 F.3d at 1118 (quoting *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir.1994)).

In the 2017 EEOC charge, Wise complains of sexual discrimination and retaliation based on her status as a female. In her 2019 EEOC charge, Wise expands her claims and alleges discrimination on the basis of her race (African American),

color (dark skin tone), sex (female), and retaliation (termination). While Wise has attempted to connect her ADEA claims to her Title VII claims for sex, race, and color discrimination, the EEOC charge allegations do not support the connection.  There is no mention of Wise's age much less generation, either directly or indirectly, despite her specific comparisons to white, male co-workers. Furthermore, although the complaint references the CFO "Rita Brown (an African American female over the age of 40), the 2017 EEOC does not provide any demographic information for Ms. Brown whatsoever. There is not a scintilla of evidence for this Court to find even a hint of a connection, again assuming the ADEA claim would survive the timeliness argument. Thus, the Court concludes that Plaintiff's ADEA claim (Count V) fails.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part and denies in part both the motion for partial dismissal and the motion for partial judgment on the pleadings. The motion to dismiss is granted with respect to any such claims brought pursuant to 42 U.S.C. § 1983 but denied with respect to the claims asserted in Counts VI and VIII pursuant to 42 U.S.C. § 1981.

With respect to the motion for partial judgment on the pleadings, the Court grants the motion as to the Title VII and ADEA claims brought in Counts I, II, III, V, and VII for filing outside the 300 day jurisdictional requirement. The motion is also granted with respect to the EPA claim brought in Count IV as it was filed outside the statute of limitations. Finally, this Court denies the motion for partial judgment as to all other issues and/or incidents raised in the second amended complaint, as they

may be used to support the remaining charges of discrimination and retaliation under 42 U.S.C. § 1981.

In summary, the Court enters judgment as to Counts I, II, III, IV, V, and VII, as there are no material issues of fact to be resolved and no set of facts that can uphold these claims. Accordingly, Wise may proceed on Counts VI and VIII under 42 U.S.C. §1981.

IT IS SO ORDERED.

**DATED: September 19, 2022**

_s/ Stephen P. McGlynn_
**STEPHEN P. McGLYNN**
**U.S. District Judge**